MR. JUSTICE SHEA,
concurring:
I concur with the result in this case but the clear implication of the decision is that no child is entitled to the support of his parents after he reaches the magic age of eighteen years. In doing so, it appears that we have relied too much on 1972 Mont. Const. Art. II, § 14 and perhaps may have locked ourselves into an untenable position for the future.
Art. II, § 14, states that “a person 18 years of age or older is an adult for all purposes.” This section impliedly grants rights and impliedly imposes obligations on a person who reaches the age of eighteen years; but it does not release a parent from an obligation to support one who has arrived at the age of eighteen years. I do not believe that this constitutional provision would prohibit the legislature from imposing a duty on parents to support their children who have reached the age of eighteen years. At least we should not make such decision until that particular case comes before iis for decision.
Nor do I think that section 64-101, R.C.M. 1947 (contained in the *101 chapter entitled “Persons and Personal Rights”) adds anything as a legitimate basis for the court’s conclusion. The statute provides as follows:
“64-101. Minors and adults defined. Minors are:
“1. Males under eighteen (18) years of age;
“2. Females under eighteen (18) years of age. All other persons are adults.”
This section says no more than what is contained in the constitution. There is no reason to give any weight to this legislative enactment when the constitution mandates that there can be no other substantive definition. The statute does nothing more than declare a status already mandated by the constitution.
I would uphold the District Court on the basis that there was a sufficient factual basis in the record to conclude that support was not needed for the child. I am not willing however, to tie the hands of a District Court, or the legislature, by holding that the obligation to support, by virtue of the constitution, automatically stops when the child reaches eighteen years of age.
I also question the court’s conclusion that if the decree expressly provides for the continuation of child support beyond the age of eighteen years, it will control. In light of this Court’s interpretation of Art. II, § 14, I fail to see how a District Court would be empowered to place such a provision in a decree of dissolution. I recognize however, that the parties could agree to an obligation to support a child beyond the age of eighteen years.